**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

F I L E D
JUN 3 0 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

ADAM SLEN,                        )
    Plaintiff,                    )
                           )
       v.                          )        Civil Action No. 1:09-cv-607
                           )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
    Defendant.                    )

## ORDER

This is an appeal from the final decision of the Commissioner of the Social Security

Administration denying plaintiff Adam Slen's claims for disability insurance benefits ("DIB")

and supplemental social security income ("SSI"). This matter was referred to the magistrate

judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation ("R & R") on the

parties' cross-motions for summary judgment. On May 12, 2010, the magistrate judge issued an

R & R recommending reversal of the administrative decision denying plaintiff's claim for

benefits. Because the Commissioner filed objections, pursuant to 28 U.S.C. § 636(b)(1)(C), a *de*

*novo* review of the magistrate judge's R & R is required. For the reasons that follow, the R & R

is adopted, the administrative decision is reversed, and the case is remanded for an award of

benefits to the plaintiff.

### I.

The magistrate judge's R & R fully and correctly sets forth the facts and procedural

history of this case. In essence, Slen applied for SSI and DIB in October of 2003, alleging an

inability to work beginning in October 2002. Following a denial of his claim for benefits by the

Social Security Administration, Slen filed a civil action in this Court in February 2006. At the

request of the Commissioner, pursuant to 42 U.S.C. § 405(g), the case was remanded to the

Appeals Council, which in turn remanded to the ALJ for reconsideration of the administrative

findings. On remand, the record was supplemented with additional evidence, and the ALJ held a

second hearing on April 24, 2007. The ALJ again denied Slen's claim for benefits, and the

denial was subsequently adopted by the Appeals Council and the Commissioner of the Social

Security Administration. Slen thereafter filed this action for review of the decision pursuant to

42 U.S.C. § 405(g). Both parties filed motions for summary judgment.

The administrative record reflects that Slen has been treated and examined by a number

of doctors, and has been consistently diagnosed with Attention Deficit Hyperactivity Disorder,

Pervasive Developmental Disorder, Obsessive Compulsive Disorder, Tourette's Syndrome,

Complex Partial Seizure Disorder, and a postural tremor. Many of these impairments date back

to his childhood. Given these impairments, the record reflects that Slen is unable to perform a

number of daily tasks without assistance, and has lost a series of jobs. As of the last

administrative hearing, Slen was working in a sheltered environment as a dishwasher for a few

hours a day.

Also relevant to this review is an alcohol-induced outburst Slen had with his mother in

2006. This event led Dr. Hyde, Slen's consulting neurologist since 2006, to include "alcohol

dependence in remission" among Slen's diagnoses. R. 364. Yet significantly, Dr. Hyde

specifically stated that Slen's disability is not causally linked to substance abuse. R. 370. The

record is devoid of additional evidence reflecting a "substance use disorder." R. 307.

## II.

The magistrate judge correctly determined that the ALJ's decision was not supported by

substantial evidence, and that the ALJ's decision was reached through legal error. Judicial review of disability benefits is limited to considering whether the ALJ's findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Substantial evidence is "more than a mere scintilla," requiring sufficient evidence that a "reasonable mind" could "accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court must not re-weigh the evidence or perform a *de novo* review. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973). Still, the statutory limitations do not eliminate a court's duty to "scrutinize the record as a whole" in determining if an ALJ's conclusions are rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Additionally, an ALJ's findings of fact are not binding if reached through an improper standard or misapplication of the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).

The magistrate judge correctly stated the applicable test to determine disability. Simply put, an ALJ must consider, in order, whether the claimant (i) has performed any substantial gainful activity since the alleged onset date; (ii) has a severe impairment; (iii) has an impairment that meets or equals the requirements of a listed impairment in Appendix 1 to Subpart P of the Administrative Regulations; (iv) has not performed any past relevant work; and (v) if not, whether there are jobs that the claimant can perform based on his residual functioning capacity ("RFC"), a determination of the level of work a claimant can perform with his impairments. 20 C.F.R. § 404.1520. If the claimant meets the criteria of step three or four, he has established a *prima facie* case of disability. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the government to prove in the final step of the analysis that the claimant has the

capacity to perform alternative jobs that exist in significant numbers in the national economy. 20

C.F.R. §§ 404.1520(f), 416.920(f); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

If there is a finding of disability, and further, if there is medical evidence of alcoholism or

drug addiction, an ALJ must determine whether that substance use is a contributing factor

material to the determination of disability. 20 C.F.R. § 404.1535. This, in turn, requires a

determination of each of the impairments that would remain absent the use of alcohol or

controlled substances, and whether those impairments still qualify the claimant for a disability

finding. *Id.*

Here, the ALJ considered all of Slen's impairments and the treating physicians' medical

opinions, and concluded (i) that Slen presented a *prima facie* case of disability, and (ii) that there

were no jobs in significant numbers that Slen could perform with his RFC. This resulted in an

initial disability finding. The ALJ then found that Slen's cessation of substance use would

diminish the severity of his impairments, which would, in turn, give him an RFC to perform

unskilled work with a sit/stand option and limited general public contact at any exertional level.

At the administrative hearing, the vocational expert testified that a person with this RFC could

perform a number of jobs. Yet, when Slen's counsel presented a hypothetical that also included

all of Slen's limitations, the vocational expert stated that such a person would no longer be

employable. The ALJ incorrectly dismissed this second hypothetical and found that a "substance

use disorder" was a contributing factor material to the disability determination.[1] R. 315.

As the magistrate judge correctly pointed out, there is not substantial evidence in the

---

[1]The Commissioner objects to a reversal of the administrative decision, arguing that Slen
has not met his disability burden. The ALJ's own analysis, however, initially found that Slen
qualified as disabled, thus demonstrating that Slen did, in fact, meet his initial burden.

record to support a finding that Slen has a substance use disorder; nor is there substantial evidence to support a finding that drug addiction or alcoholism is a contributing factor material to the determination of Slen's disability. First, there is no medical evidence that Slen suffers from drug addiction or alcoholism. The magistrate judge correctly draws attention to the ALJ's misstatement that Slen "testified. . . that he continued to use illegal drugs, marijuana and alcohol until nine months ago despite attending regular NA and AA meetings." R. 309. In his testimony, Slen did not ever admit to *regular* or *continued* use of marijuana or alcohol, but instead stated only that his *last* abuse of alcohol or marijuana was nine months prior to the hearing. R. 392. The only other basis in the record for the ALJ's substance use disorder finding, although not referenced by the ALJ, appears to be Dr. Hyde's 2006 diagnosis of alcohol dependence "in remission," but significantly, Dr. Hyde found this to be unrelated to Slen's impairments, and followed up with documentation that Slen maintained sobriety after this diagnosis. R. 364, 370. In sum, there is no persuasive record medical evidence to support the ALJ's conclusion that Slen suffers from a substance use disorder. In fact, the record is devoid of any medical evidence of drug addiction or alcoholism during the first four years of Slen's alleged disability period.

Further, even assuming there were sufficient medical evidence to support a preliminary finding of drug addiction or alcoholism, there is no evidence to support the conclusion that this is a contributing factor material to the determination of Slen's disability. To begin with, there is no medical evidence in the record that Slen's impairments or symptoms would diminish with the cessation of substance use, as the ALJ concluded. To the contrary, the record evidence reflects that Slen's use of alcohol or illegal substances is not a contributing factor to his disability. R. 364, 370. It is well-settled that an ALJ should not substitute his own untrained medical opinion

for that of a medical professional. *Wilson v. Heckler,* 743 F.2d 218, 221 (4th Cir. 1984); *Garrett v. Astrue,* No. 2:09-0798-JFA-RSC, 2010 WL 1497666, at *4-*5 (D.S.C. Jan. 21, 2010). The ALJ disregards Dr. Hyde's opinion that Slen's impairments are independent of substance use and, instead, bases his conclusion on his own untrained medical opinion. The ALJ also presented an incomplete hypothetical to the vocational expert that did not include all of Slen's limitations. Accordingly, the ALJ's conclusions (i) that Slen suffers from a substance use disorder, and (ii) that this disorder is a contributing factor material to the determination of his disability, are not supported by substantial evidence and cannot be upheld.

## III.

The magistrate judge correctly recommended reversal of the administrative decision. In social security appeals, a district court has the statutory authority to reverse an administrative decision or remand for further proceedings. 42 U.S.C. § 405(g); *Coffman,* 829 F.2d at 519; *Vitek v. Finch,* 438 F.2d 1157, 1157-58 (4th Cir. 1971) (where ALJ's determination is in clear disregard of the overwhelming weight of the evidence, a court can modify or reverse the ALJ's decision with or without remanding the case for rehearing).

Reversal of a social security decision is appropriate "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard" and "when reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger,* 493 F.2d 1002, 1011-12 (4th Cir. 1974); *see also Barry v. Bowen,* 1988 WL 124873, at *2 (4th Cir. 1988) *(quoting NLRB v. Wyman-Gordon Company,* 394 U.S. 759, 766 n. 6 (1969) ("[t]o remand. . . 'where there is not the slightest uncertainty as to the outcome. . . would be an idle and useless formality'"). Accordingly, when it is clear from the record that only

one outcome is possible if the ALJ were to apply the appropriate legal standards, a remand for

further proceedings is unnecessary. *Compare Taylor v. Weinberger,* 512 F.2d 664, 668 (4th Cir.

1975) (finding that further proceedings were unnecessary where testimony from a vocational

expert would only support a disability finding), *with Myers v. Heckler,* 601 F. Supp. 527, 529-30

(D.C. Md. 1985) (finding that remand was appropriate to allow the vocational expert to respond

to an accurate hypothetical incorporating all of claimant's limitations).[2]

As the magistrate judge correctly concluded, the overwhelming weight of the record

evidence compels reversal of the administrative decision. If the correct legal standards were

applied to the alcoholism and drug addiction analysis, substantial evidence would not support a

denial of benefits. Instead, the record as a whole supports a disability finding, as the ALJ found

in his initial analysis.[3] Persuasive evidence supports the conclusion that Slen does not have a

substance use disorder, and even if he did, Slen's impairments, independent of substance use, are

still disabling. There is no evidence in the record, much less a "mere scintilla," that alcohol or

substance use is a contributing factor material to the determination of disabiltiy. To the contrary,

---

[2]The Commissioner, citing *Immigration and Naturalization Services v. Orlando Ventura,* 537 U.S. 12, 16 (2002), objects to a reversal without remand, stating that a case can only be reversed in rare circumstances. Judicial review of social security decisions, however, is unique in the field of administrative law, due to the express statutory authority for reversal without remand. *See Breeden,* 493 F.2d at 1012, n. 13; 42 U.S.C. § 405(g).

[3]The Commissioner argues that remand is necessary to allow the ALJ to explain his rationale regarding plaintiff's work-related functioning. This is unnecessary, however, as the ALJ sufficiently explained his initial finding, supported by the overwhelming weight of the evidence, that Slen does *not* have the ability to perform work-related functions owing to his impairments. Moreover, the ALJ does not need an opportunity to explain his rationale for the substance use disorder finding, as there is not substantial evidence to support this finding and another denial on remand would likely not withstand judicial review. *See, e.g., Coffman,* 829 F.2d at 518-19.

there is evidence from a treating physician that Slen's impairments are independent of alcohol or substance use.

In the circumstances, a remand for further proceedings would serve no useful purpose. As a result of the previous remand, the record is now fully supplemented with examinations, diagnoses, and employment history that demonstrate convincingly that alcohol and substance use is not a contributing factor to Slen's disability. Further, the hypothetical that Slen's counsel presented to the vocational expert sufficiently included Slen's limitations, and the vocational expert testified that Slen was unemployable given these limitations. Further proceedings are thus unnecessary to correct the accuracy of the vocational expert's findings, as there is no evidence that the limitations included in counsel's hypothetical would be reduced or eliminated in the absence of alcohol or substance use.

## IV.

Accordingly, for the reasons stated herein, and for good cause,

It is hereby **ORDERED** that the Court adopts as its own the findings of fact and recommendation of the United States Magistrate Judge, as set forth in the May 12, 2010 Report and Recommendation.

It is further **ORDERED** that the objections filed by the Commissioner are **OVERRULED.**

It is further **ORDERED** that plaintiff's motion for summary judgment (Doc. 10) is **GRANTED** and that defendant's motion for summary judgment (Doc. 8) is **DENIED.**

It is further **ORDERED** that the case is **REMANDED** for an administrative award of benefits to the plaintiff.

The Clerk is directed to send a copy of this Order to all counsel of record and to place this

matter among the ended causes.


Alexandria, Virginia
June 30, 2010

T. S. Ellis, III
United States District Judge